

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

SCOTT ALLAN BENNETT

CASE NO. 8:11-CR-14-T-33AEP

18 U.S.C. § 1001
18 U.S.C. § 702
50 U.S.C. § 797(a)(1)
18 U.S.C. § 924(d)(1) - Forfeiture
28 U.S.C. § 2461 - Forfeiture
50 U.S.C. App'x § 16(c)

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about January 21, 2010, in the Middle District of Florida,

SCOTT ALLAN BENNETT,

defendant herein, in a matter within the jurisdiction of the executive branch of the government of the United States, that is, the Department of the Air Force, U.S. Department of Defense, did knowingly and willfully make a materially false, fictitious, and fraudulent statement to the Department of the Air Force, in that, on an application for housing on MacDill Air Force Base, he represented himself to be an active duty member of the U.S. Army Reserves, when, in fact, he then and there knew that

statement was false and that he was not an active duty member of the U.S. Army Reserves.

In violation of Title 18, United States Code, Section 1001.

## COUNT TWO

On or about January 21, 2010, in the Middle District of Florida,

SCOTT ALLAN BENNETT,

defendant herein, in a place within the jurisdiction of the United States, to wit, on MacDill Air Force Base, did wear a uniform, and a distinctive part thereof, of the armed forces of the United States, without authorization.

In violation of Title 18, United States Code, Section 702.

## COUNT THREE

On or about April 23, 2010, in the Middle District of Florida,

SCOTT ALLAN BENNETT,

defendant herein, did knowingly and willfully violate a defense property security regulation by possessing prohibited items without authorization on MacDill Air Force Base, including concealed handguns and ammunition. Included among these prohibited items were:

- a Ruger LCD .380 semi automatic pistol, serial number 372-34053;
- a Smith and Wesson .357 Magnum revolver, serial number CEC1916649-3; and
- approximately 36 rounds of ammunition of various calibers and types.

In violation of Title 50, United States Code, Section 797(a)(1).

## COUNT FOUR

Beginning at a time unknown to the Grand Jury and continuing through on or about April 23, 2010, in the Middle District of Florida,

SCOTT ALLAN BENNETT,

defendant herein, did knowingly and willfully violate a defense property security regulation by possessing prohibited items without authorization on MacDill Air Force Base, including concealed handguns and ammunition. Included among these prohibited items were:

- a Walther P22 firearm, serial number L224436;
- an Arsenal SAS M-7 semiautomatic rifle, serial number AD050917;
- a Mossberg 12 gauge shotgun, serial number R454611;
- a Marlin 83TS .22 caliber rifle, serial number 98607726;
- a Berretta 9mm pistol, model 8000 Cougar F, serial number 002352MC;
- a North American Arms .22 caliber revolver, serial number R12471;
- a Kimber Pro CDP .45 pistol, serial number KR27607;
- a Kimber Ultra Carry II .45 pistol, serial number KU61387; and
- over 9,300 rounds of ammunition of various calibers and types.

In violation of Title 50, United States Code, Section 797(a)(1).

## FORFEITURE

1.  The allegations contained in Counts Three and Four of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 924(d)(1), Title 50, United States Code App'x, Section 16(c), and Title 28, United States Code, Section 2461.

2.  From his engagement in any or all of the violations alleged in Counts Three and Four of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any violation of a criminal law of the United States, namely Title 50, United States Code, Section 797(a)(1); and pursuant to Title 50, United States Code App'x, Section 16(c), and Title 28, United States Code, Section 2461(c), any property, funds, securities, papers, or other articles or documents, or any vessel, together with tackle, apparel, furniture, and equipment concerned in or used in his violation of Title 50, United States Code, Section 797(a)(1). The property to be forfeited includes, but is not limited to the handguns and ammunition described in Counts Three and Four.

3.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL,

_____
Foreperson

ROBERT E. O'NEILL
United States Attorney

By: _____
SARA C. SWEENEY
Assistant United States Attorney

By: _____
JAY L. HOFFER
Assistant United States Attorney
Chief, General Crimes

FORM OBD-34
APR 1991

No. 8:11-cr-14-T-33AEP

# UNITED STATES DISTRICT COURT

Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

SCOTT ALLAN BENNETT

## SUPERSEDING INDICTMENT

Violations:

18 U.S.C. § 1001
18 U.S.C. § 702
50 U.S.C. § 797(a)(1)

A true bill,

*[signature]*
Foreperson

Filed in open court this 28th day of April 2011.

_____
Clerk

Bail $_____

GPO 863 525

N:\_Criminal Cases\B\Bennett, Scott Alan_2010R02317_scsV_indictment_back_Superseding Indictment.wpd