UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 8:11-cr-14-T-33AEP

SCOTT ALLAN BENNETT

**MEMORANDUM OF UNITED STATES OF AMERICA
CONCERNING FORFEITURE SPECIAL VERDICT**

The United States of America, by and through the undersigned Assistant United States Attorney, submits this memorandum in conjunction with the proposed special verdict and forfeiture instructions. In the event that defendant Scott Allan Bennett is convicted as charged in Counts Three and/or Four of the Superseding Indictment, and if the government or the defendant requests a jury determination on forfeiture pursuant to Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure, this memorandum outlines the procedure the government proposes that the Court take with regard to the special verdict on forfeiture.

**MEMORANDUM OF LAW**

I.   **Background**

On or about April 28, 2011, a federal grand jury returned a superseding indictment, charging defendant Scott Allan Bennett ("Bennett"), in relevant part, with two (2) Counts of knowingly and willfully violating a defense property security regulation by possessing prohibited items without authorization on MacDill Air Force Base, including concealed handguns and ammunition of various calibers and types, more particularly described in Counts Three and Four, in violation of

50 U.S.C. § 797(a)(1).  Doc. 40, Counts Three and Four.

The forfeiture allegations of the Superseding Indictment and the Bill of Particulars (Doc. 60) notified Bennett that, under the provisions of 18 U.S.C. § 924(d), 50 App. U.S.C. § 16(c) and 28 U.S.C. § 2461(c), the United States would seek forfeiture of the firearms and ammunition listed in Counts Three and Four.

1. a Ruger LCP .380 semi automatic pistol, serial number 372-34053;

2. a Smith and Wesson .357 Magnum revolver, serial number CEC1916649-3;

3. a Walther P22, .22 caliber pistol, serial number L224436;

4. an Arsenal Inc. SASM7 semiautomatic rifle, serial number AD050917;

5. a Mossberg 500 12 gauge shotgun, serial number R454611;

6. a Marlin Firearms Company 83TS .22 caliber rifle, serial number 98607726;

7. a Berretta 9mm pistol, model 8000 Cougar F, serial number 002352MC;

8. a North American Arms Snake Eyes .22 caliber revolver, serial number R12471;

9. a Kimber Pro CDP II .45 caliber pistol, serial number KR27607;

10. a Kimber Ultra Carry II .45 caliber pistol, serial number KU61387; and

11. 9,432 rounds of assorted ammunition.

Doc. 40 at 4, and Doc. 60.

**I.     Applicable Statutes**

Title 18, United States Code, Section 924(d) provides for the forfeiture of any firearm or ammunition involved in or used in any knowing violation of . . . section 924 . . . or "any violation of any other criminal law of the United States . . ." 18 U.S.C. § 924(d)(1).  Title 50 App., United States Code, Section 16(c) provides for the forfeiture of any property concerned in a violation of 50 U.S.C. § 797(a)(1), as charged in Counts Three and Four of the Superseding Indictment.[1]

**II.    Forfeiture Proceeding**

Because forfeiture is an element of sentencing, no constitutional right to a jury determination on forfeiture exists.  *See United States v. Libretti,* 516 U.S. 29, 49 (1995) ("the nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection").  Furthermore, there is no statutory provision for a jury determination on forfeiture.

The plain language of the applicable rule contemplates that the Court make the ultimate determination on forfeiture.  Federal Rule of Criminal Procedure 32.2 sets forth the procedures governing criminal forfeiture and codifies each party's right to a jury determination on forfeiture.  In order to have a

---

[1] Pursuant to the provisions of 28 U.S.C. § 2461(c), such property can be forfeited criminally, and the procedures for the forfeiture and disposition of the property are governed by 21 U.S.C. § 853.  28 U.S.C. § 2461(c).

jury determination on property subject to forfeiture, following the entry of a guilty verdict, either the United States or the defendant must request that the jury make such determination. *See* Rule 32.2(b)(5)(A). Rule 32.2 further provides:

> If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine *whether the government has established the requisite nexus between the property and the offense* committed by the defendant.

Fed. R. Crim. P. 32.2(b)(5)(B) (emphasis added).

However, pursuant to Federal Rule of Criminal Procedure 32.2(b)(5), either the defendant or the United States may request that the jury determine whether the government has established a *nexus* or connection between the property alleged subject to forfeiture and the crime for which the defendant has been found guilty by the jury.[2] This is the jury's sole function in the forfeiture phase of the trial. It is no longer necessary for the jury to determine the extent of the defendant's interest in the property—that issue is left for the ancillary proceedings. Fed. R. Crim. P. 32.2, *Advisory Committee Notes* (2000 Adoption).

---

[2] Effective December 1, 2009, Rule 32.2 of the Federal Rules of Criminal Procedure has been amended to clarify the procedures concerning criminal forfeiture actions, and the new Rule 32.2(b)(5) requires the court to determine whether a party requests a jury determination on forfeiture <u>before</u> the jury retires to deliberate. Fed. R. Crim. P. 32.2(b)(5)(A). There is no right to a jury determination on forfeiture where there is no jury determination on the guilt of the defendant.

4

It is logical that the jury must answer questions which will allow the Court to make the appropriate findings in this regard.  *United States v. Amend*, 791 F.2d 1120, 1128 (4th Cir.), *cert. denied*, 479 U.S. 930 (1986) (appellate court affirms method by which jury determined forfeitability; jury answered questions whether property was acquired through criminal enterprise, but trial court entered order of forfeiture); *United States v. L'Hoste*, 609 F.2d 796, 813-14 (5th Cir.), *cert. denied*, 449 U.S. 833 (1980) (forfeiture order is mandatory once jury determines essential factual issues required for forfeiture).  The government's proposed special verdict is in the form of interrogatories which will require the jury to determine the essential factual forfeiture issues and secure the information necessary for the Court to enter a forfeiture order.

Under this approach, where the jury resolves the factual elements necessary for a forfeiture order to be entered, but the Court enters the order, the jury is not advised of the ramifications of its decision—just as a jury is not advised of the ramifications of a verdict of guilt or innocence.  Thus, the portion of the Indictment entitled "Forfeitures" should not be read to the jury, and the term "forfeiture" should not be mentioned to the jury until after the issue of innocence or guilt is decided.  The portion of the Indictment entitled "Forfeitures" is merely the required statutory notice to the defendant that the government seeks to forfeit his property in accordance with the applicable statute.  Fed. R. Crim. P. 32.2(a), *Advisory Committee Notes* (2000 Adoption and 2009 Amendment).  Hence,

bifurcated proceedings are required.

At the forfeiture hearing following a conviction, both the defendant and the government have the opportunity to present evidence as to the forfeitability of the property. As explained in the *Advisory Committee Notes*:

> For example, if the defendant disputes the government's allegation that a parcel of real property is traceable to the offense, the defendant would have the right to request that the jury hear evidence on that issue, and return a special verdict, in a bifurcated proceeding that would occur after the jury returns the guilty verdict. The government would have the same option of requesting a special jury verdict on this issue, as is the case under current law.

Fed. R. Crim. P. 32.2(b)(4), *Advisory Committee Notes* (2000 Adoption).

## IV. Conclusion

In conclusion, should the defendant or the United States request a jury determination on the forfeiture, after conviction, pursuant to Rule 32.2(b)(5), the government requests that the Court:

(1) instruct the jury on the issue of forfeiture <u>after</u> the jury has returned a guilty verdict on Count One of the Indictment;

(2) allow jury instructions regarding property subject to forfeiture and burden of proof;

(3) allow bifurcated argument on the forfeiture issue, as needed; and

(4) provide the jury with a special verdict form as proposed by the government.[3]

> Respectfully submitted,
>
> ROBERT E. O'NEILL
> United States Attorney
>
> By: *s/Josephine W. Thomas*
> JOSEPHINE W. THOMAS
> Assistant United States Attorney
> Florida Bar Number 31435
> 400 North Tampa Street, Suite 3200
> Tampa, Florida 33602
> (813) 274-6000 - telephone
> (813) 274-6220 - facsimile
> E-mail: josie.thomas@usdoj.gov

---

[3] Federal Rule of Criminal Procedure 32.2(b)(5) requires the government to submit "a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine the requisite nexus between the property and the offense committed by the defendant." Fed. R. Crim. P. 32.2(b)(5)(B).

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Sara C. Sweeney
Assistant United States Attorney

David Chalela, Esquire

Ariel Garcia, Esquire

                                             *s/Josephine W. Thomas*
                                             JOSEPHINE W. THOMAS
                                             Assistant United States Attorney