UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:11-CR-14-T-33AEP

SCOTT ALLAN BENNETT

GOVERNMENT'S TRIAL MEMORANDUM REGARDING
(1) THE APPLICABILITY OF FLORIDA LAW;
(2) THE 404(B) VALUE OF SUBSEQUENT ACTS; AND
(3) THE APPLICABILITY OF ARMY REGULATIONS

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and files this memorandum regarding three issues raised during the first day of trial in the above-captioned matter.

**I.  The Florida Statute Raised by the Defendant Is Inapplicable and Irrelevant.**

The defense has requested that this Court take judicial notice of F.S.A. § 790.335, Prohibition of Registration of Firearms; Electronic Records.  This state statute makes it a crime for any person to make a list or record of firearm owners.

This statute is entirely inapplicable to this case for several reasons.[1]  **First,** the Supremacy Clause of the U.S. Constitution states that the federal law "shall be the supreme Law of the Land."  This consideration is particularly heightened where federal interests are at their peak, such as here where the actions alleged took place on a federally-controlled military base with sensitive military assets.  See Denson v. United States, 574 F.3d 1318, 1345 (11th Cir. 2009) ("Where federal and state law conflict, state law must yield.").  **Second,** there has been no waiver of sovereign immunity by the

---

[1] The United States does not object per se to the Court's taking judicial notice of a statute.  The issue here is whether this particular statute has any relevance to the case.

United States that would make it or its employees subject to such a law. Blackburn v. United States, 100 F.3d 1426, 1435 (9th Cir. 1996) (citing Missouri Pac. RR Co. v. Ault, 256 U.S. 554, 563-64 (1921)). **And third,** the statute itself recognizes that it is subordinate to federal law in several places and also states that it "may not be construed to grant any substantive, procedural privacy right or civil claim to any criminal defendant and a violation of this section may not be grounds for the suppression of evidence in any criminal case." F.S.A. § 790.335(6).

The defendant has stated that he intends to ask witnesses about this statute in order to demonstrate good faith for not complying with the registration requirement at MacDill Air Force Base. Such a use of the statute would be completely inappropriate given the clear, controlling legal precedent that federal law is supreme over State law. Thus, use of this statute is inappropriate for any purpose in this trial. Further, as the Base Resident Guidelines & Community Handbook makes clear, weapons may not be kept on MacDill Air Force Base without compliance with federal standards, "even though individuals may legally possess the weapons under Florida law." Govt. Trial Ex. 5, p. 12, § 1.M.[2]

## II. The Defendant's Acts Subsequent to the Indictment in This Case Are Appropriately Admitted as 404(b) Evidence.

The government is seeking to introduce two acts of the defendant in 2011, after his indictment in this matter, as indicated in the government's Pre-trial Memorandum. Dkt. No. 63, at 13. Such acts are properly admitted under Rule 404(b), so long as the

---

[2] The United States notes that the defendant has included this statute on his exhibit list. It is inappropriate for law to be admitted to evidence and given to the jury.

other elements of the test are met.  See, e.g.,United States v. Terebecki, 692 F.2d 1345, 1349 (11th Cir. 1982) (upholding the admission of other acts evidence where "the extrinsic offense was committed fifteen months after the charged offense"); see also United States v. Mares, 441 F.3d 1152, 1157 (10th Cir. 2006) (holding that "[s]ubsequent acts evidence is particularly relevant when a defendant's intent is at issue," in a case where a defendant awaiting trial on drug trafficking charges committed another drug trafficking offense.); United States v. Zamora, 222 F.3d 756, 762 (10th Cir. 2000) (evidence of subsequent robbery properly admitted under 404(b) to prove knowledge, intent and lack of mistake).

Eleventh Circuit case law (including prior binding Fifth Circuit cases) has consistently upheld the admission of subsequent acts.  For instance, in United States v. Webb, 625 F.2d 709 (5th Cir. 1980), the court considered the case of a defendant who shot at a helicopter on two different occasions.  He was charged with his acts on the first occasion, and the second, subsequent occasion was admitted as 404(b) evidence against him.  The court held that the same 404(b) analysis is applied with subsequent as with prior acts.  Id. at 710.[3]

In two cases, the Eleventh Circuit permitted evidence of post-indictment conduct because the defendant's not guilty plea made his intent a "material issue."  See United States v. Lamb, 214 F. App'x 908 (11th Cir. 2007); United States v. King, 195 F. App'x 867 (11th Cir. 2006) ("King's post-indictment conduct was relevant to the intent at issue

---

[3] The court further held that where intent is at issue, "the Government's case-in-chief may include such extrinsic offense evidence as would be admissible if intent were actively contested." Webb, 625 F.2d at 710.

in the charged conspiracy to distribute marijuana."). In Lamb, the Court specifically held that "the principles governing Rule 404(b) are the same where the conduct occurs *before* or *after* the offense charged." Lamb, 214 F. App'x at 915 (citing United States v. Delgado, 56 F.3d 1357, 1365 (11th Cir. 1995) ("First, we note the principles governing what is commonly referred to as other crimes evidence are the same whether the conduct occurs before or after the offense charged, and regardless of whether the activity might give rise to criminal liability.").

In Lamb, defendant was charged with narcotics and firearms offenses stemming from his criminal conduct in 2000. Lamb, 214 F. App'x at 915. A superseding indictment was returned against him in 2005 that contained similar charges that arose from Lamb's conduct at his arrest in 2005. Id. Lamb was convicted by a jury on the 2000 charges and later pled guilty to the 2005 charges. Lamb, 214 F. App'x at 915-18. At the trial on the 2000 charges, evidence of the 2005 conduct was admitted as 404(b) evidence of the defendant's intent to commit the crime in 2000. Id. The Court also found that the government needed the evidence of his intent to fully counter defendant's "mere presence" defense, and that the limiting instruction by the Court countered any possible unfair prejudice. Id,

### III. The Army Regulations Submitted by Defendant Are Inapplicable.

The government maintains, as submitted in its pretrial brief, that the Army Regulation relating to uniform wear is inapplicable as this case is governed by federal law, not Army regulations.[4] Thus, the jury instruction submitted by the United States,

---

[4] As above, the United States does not object per se to the Court's taking judicial notice of the fact that the regulations cited by the defendant exist. The issue here is whether these regulations have any relevance to the case.

4

which relies on 10 U.S.C. § 702, is the correct instruction.  See Dkt. No. 63 at 23-24.  However, in the event that this Court should decide otherwise, the United States has drafted a proposed jury instruction that incorporates the relevant provisions of Army Regulation 670-1.  Ex. 1 (alternative proposed jury instruction).  The defendant's instruction leaves out key provisions of the regulation, including the regulation's language on when Reservists may not wear uniforms, and includes irrelevant information as well.

As to Army Regulation 600-8-6, the defendant has not raised any issue to which this statute would be relevant.  His expert did not testify or refer to it during voir dire, and it has no applicability to this case.  Thus, it should be excluded from the trial in this case.[5]

                                                     Respectfully submitted,

                                                     ROBERT E. O'NEILL
                                                     United States Attorney

By:    s/Sara C. Sweeney
       SARA C. SWEENEY
       Assistant United States Attorney
       United States Attorney No. 0000119
       400 North Tampa Street, Suite 3200
       Tampa, Florida  33602
       Telephone:  (813) 274-6000
       Facsimile:  (813) 274-6178
       E-mail:  sara.sweeney@usdoj.gov

---

[5] The United States notes that the defendant has included both these regulations on his exhibit list.  It is inappropriate for regulations, particularly ones that the defendant claims make up the governing law of the case, to be admitted to evidence and given to the jury.

U.S. v. BENNETT                                                    Case No. 8:11-CR-14-T-33AEP

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    David F. Chalela, Esq.

    Craig Huffman, Esq.

                                     By:    *s/Sara C. Sweeney*
                                                        SARA C. SWEENEY
                                                        Assistant United States Attorney
                                                        United States Attorney No. 0000119
                                                        400 North Tampa Street, Suite 3200
                                                        Tampa, Florida  33602
                                                        Telephone:  (813) 274-6000
                                                        Facsimile:  (813) 274-6178
                                                        E-mail:  sara.sweeney@usdoj.gov