UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                        8:11-cr-14-T-33AEP

SCOTT ALLAN BENNETT
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Scott Allan Bennett's Motion for a New Trial (Doc. # 94), filed on August 2, 2011.  The Government filed a Response in Opposition to the Motion on August 9, 2011. (Doc. # 96).  For the reasons stated below, Defendant's Motion is denied.

**I. Background**

The Government's April 28, 2011, superseding indictment contained four counts against Bennett.  In count one, the Government charged that Bennett:

> did knowingly and willfully make a materially false, fictitious, and fraudulent statement to the Department of the Air Force, in that, on an application for housing on MacDill Air Force Base, he represented himself to be an active duty member of the U.S. Army Reserves, when, in fact, he then and there knew that statement was false and that he was not an active duty member of the U.S. Army Reserves. In violation of Title 18, United States Code, Section 1001.

(Doc. # 40 at 1-2).

In count two, the Government charged that Bennett "did wear a uniform, and a distinct part thereof, of the armed

forces of the United States, without authorization.   In violation of Title 18, United States Code, Section 702." Id. at 2.   In counts three and four, the Government charged that Bennett violated a defense property security regulation by possessing prohibited items, including concealed handguns and ammunition, on MacDill Air Force Base, in violation of 50 U.S.C. § 797(a)(1).   The superseding indictment also contained a forfeiture count.

On March 8, 2011, Bennett filed a Motion to Suppress Evidence (Doc. # 23), to which the Government responded. (Doc. # 25).   The Honorable Anthony E. Porcelli, United States Magistrate Judge, held an evidentiary hearing on the Motion to Suppress on April 12, 2011, and filed a Report and Recommendation recommending that the Motion to Suppress be denied on April 19, 2011. (Doc. # 35).   The Undersigned adopted the Report and Recommendation, after independent review and in the absence of any objection being filed, on May 4, 2011. (Doc. # 42).

A date-certain jury trial was conducted during the week of July 18, 2011. (Doc. # 71).   The jury found Bennett guilty as to each count of the indictment and determined that forfeiture of Bennett's weapons and munitions was appropriate. (Doc. ## 88, 89).   The Court set Bennett's sentencing for

October 25, 2011. (Doc. # 92).  By the present Motion, Bennett seeks a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

## II. **Standard of Decision**

A new trial pursuant to Fed.R.Crim.P. 33 may be granted in the interests of justice or on the basis of newly discovered evidence.  United States v. Ramos, 179 F.3d 1333, 1336 (11th Cir. 1999).  A new trial may be granted in the interests of justice if the motion is filed "within 14 days after verdict or finding of guilty."  In this case, the Motion was timely filed. Bennett has not asserted that the discovery of new evidence warrants a new trial.  Accordingly, the Court will assess whether a new trial is warranted in the interests of justice.

A Rule 33 motion for a new trial "is addressed to the sound discretion of the trial court."  United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985).  "If the court concludes that . . . the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury."  Id. (internal quotation marks omitted).  The court may follow this course even if the evidence is legally

sufficient to sustain the verdict. <u>Id.</u>  However, the Eleventh Circuit has admonished that "[a] motion for new trial must be viewed with 'great caution.'" <u>United States v. Reed</u>, 887 F.2d 1398, 1404 (11th Cir. 1989) (quoting <u>United States v. Hall</u>, 854 F.2d 1269, 1271 (11th Cir. 1988)).

## III. **Analysis**

Defendant asserts that a new trial is warranted because: the Court declined take judicial notice of, publish to the jury and/or incorporate into its jury instructions Army Regulation 670-1 and Florida Statute § 790.335; the Court did not allow the defense to impeach various Government witnesses regarding whether they stood to gain financially from their testimony and; the Court denied Bennett's Motion to Suppress Evidence.

The Court will address each of these arguments below.

### A.   **Army Regulation 670-1**

Bennett presented Army Regulation 670-1 to the Court and requested that such regulation be judicially noticed, presented to the jury, and made into a jury instruction. Rather than publishing the entire Army Regulation to the jury, the Court (upon the joint recommendation of the parties) crafted a jury instruction incorporating relevant sections of Army Regulation 670-1.  That instruction, Jury Instruction 12, states in pertinent part:

4

Under federal law and U.S. Army regulations, a member of the U.S. Army Reserve is not authorized to wear a military uniform when engaged in off-duty civilian employment or in connection with the furtherance of any commercial interests. A member of the U.S. Army Reserve also may not wear a military uniform when doing so would bring discredit upon the Army.

A member of the U.S. Army Reserve may wear a military uniform when not on active duty when (1) participating in reserve training assemblies, exercises, conferences, or ceremonies in an official capacity as a member of the U.S. Army Reserve under orders or (2) attending social functions or informal gatherings of a military character.

(Doc. # 90 at 14). It would have been imprudent for this Court to provide the entire Regulation to the jury because such Regulation contained various impertinent and irrelevant provisions. Rather, this Court exercised its discretion to provide only the relevant portions to the Army Regulation to the jury in the form of a jury instruction.

In addition, it should be noted that if there was any error on the Court's part, the defendant's agreement to the jury instruction waives Bennett's right to raise this error. See e.g., United States v. James, 642 F.3d 1333, 1337 (11th Cir. 2011)("Under the invited error doctrine, we will generally not review an error induced or invited by a party through the submission of an incorrect jury instruction to the judge which passed on to the jury"). Thus, a new trial is not warranted on the basis of Army Regulation 670-1.

**B.   Florida Statute § 790.335**

5

Bennett requested that this Court take judicial notice of Florida Statute Section 790.335 "Prohibition of registration of firearms; electronic records." That State statute makes it a crime for any person to compile a list or record of firearm owners. Among other provisions, that Statute states:

> A list, record, or registry of legally owned firearms or law-abiding firearm owners is not a law enforcement tool and can become an instrument for profiling, harassing, or abusing law-abiding citizens based on their choice to own a firearm and exercise their Second Amendment right to keep and bear arms as guaranteed under the United States Constitution. Further, such a list, record, or registry has the potential to fall into the wrong hands and become a shopping list for thieves.

Florida Statute § 790.335(1)(a)(2). The Court considered the Statute and determined that it was not appropriate to take judicial notice of the statute or publish such statute to the jury in any form. The State statute is not applicable to this federal case. The Supremacy Clause of the U.S. Constitution states that the federal law "shall be the supreme Law of the Land." As argued by the Government, "[T]his consideration is particularly heightened where federal interests are at their peak, such as here where the actions alleged took place on a federally-controlled military base with sensitive military assets." (Doc. # 96 at 3-4). See e.g. Denson v. United States, 574 F.3d 1318, 1345 (11th Cir. 2009)("Where federal and state law conflict, state law must yield.").

It is also important to note that the Statute in question

6

is self-limiting.  It states, "This section may not be construed to grant any substantive, procedural privacy right or civil claim to any criminal defendant, and a violation of this section may not be grounds for the suppression of evidence in any criminal case."  Because the Statute itself indicates that it should not be used in the context suggested by Bennett, the Court determines that a new trial is not warranted on the basis of Florida Statute Section 790.335.

    **C.**   **Impeachment for Bias**

Bennett argues that his "main theory of . . . [d]efense was that the government's witnesses stood to gain personally and financially depending on how favorable their testimony was to the government's case hence their testimony was biased and therefore unreliable." (Doc. # 94 at 2-3).  Bennett asserts that this Court erred when it limited the defense's ability to cross-examine the Government's witnesses "regarding their financial motive to testify." Id. at 3.

Bennett's argument is simply incorrect.  As to each Government witness, defense counsel was permitted to ask numerous questions related to the witness's connection to the Government.  Bennett's counsel asked the Government witnesses if they were afraid of losing their jobs or favor with the Government, and he suggested that these witnesses were biased in favor of the Government.  The Court allowed counsel for

Bennett to pursue this line of questioning and, during both the opening and closing statements, Bennett's counsel suggested that the Government's witnesses were biased.

"The extent to which a witness maybe cross-examined for the purposes of showing bias rests on the sound discretion of the trial judge.  The task of the trial judge is to balance the probative value of the evidence sought to be introduced against the risks its admission may entail." United States v. Sarras, 575 F.3d 1191, 1213-14 (11th Cir. 2009).

As correctly noted by the Government, the only topics the Court prevented the defense from exploring were the individual witnesses's salaries and the payments to be made to the witnesses for their travel to trial.  The Court exercised its discretion to curtail the defense from asking these intrusive questions pursuant to Federal Rule of Evidence 611, which states that the court shall exercise control over the mode and order of interrogating witnesses and presenting evidence so as to protect witnesses from harassment or undue embarrassment. See also Sarras, 575 F.3d at 1213-14 (limiting cross examination on bias issues where the witness did not have a direct or personal stake in the outcome of the case.)

In the present case, the Court ensured a fair trial by allowing the defense to amply cross examine the Government's witnesses for bias.  A new trial is not warranted on this

8

issue.

**D.**   <u>**Motion to Suppress Evidence**</u>

Finally, Bennett asserts that a new trial is warranted because "all evidence introduced by the government was the result of unlawful detention and subsequent unlawful searches of the Defendant and his home." (Doc. # 94 at 4).

Bennett first raised this issue in his Motion to Suppress Evidence. (Doc. # 23).   After a hearing was held, Judge Porcelli filed his detailed and scholarly Report and Recommendation recommending that Bennett's Motion to Suppress be denied.   (Doc. # 35).   Therein, Judge Porcelli determined that the 45 minute detention of Bennett on the morning in question was not unlawful and that there was probable cause to search Bennett's residence on MacDill Air Force Base. Judge Porcelli also determined that the MacDill Air Force Base Security Forces did not violate the Posse Comitatus Act, 18 U.S.C. § 1385.

Bennett did not file an objection to the Report and Recommendation.   The Court reviewed all evidence on file and adopted the Report and Recommendation by denying the Motion to Suppress Evidence.   This Court has taken all necessary steps to ensure that the evidence presented was not fruit from the proverbial poisonous tree. Bennett has not come forward with any evidence or persuasive argument at this juncture

9

supporting his request for a new trial on the basis of the Court's ruling on the Motion to Suppress.   The Court accordingly, declines to grant a new trial on this basis.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Scott Allan Bennett's Motion for a New Trial (Doc. # 94) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>15th</u> day of September 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record