UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:11-CR-14-T-33AEP

SCOTT ALLAN BENNETT

GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION FOR NEW TRIAL
ON THE BASIS OF NEWLY DISCOVERED EVIDENCE

The United States of America opposes the defendant's motion for a new trial on the basis of newly discovered evidence pursuant to Fed. R. Crim. Pro. 33(b). Dkt. No. 171. The defendant offers no newly discovered facts on which a new trial could be granted and further makes legal arguments that have already been litigated and decided during previous proceedings in this case.

## I. FACTUAL AND LEGAL BACKGROUND

The defendant was convicted on July 21, 2011, on one count of making a false statement, in violation of 18 U.S.C. § 1001; one count of unauthorized wear of a military uniform, in violation of 18 U.S.C. § 702; and two counts of violation of defense property security regulation, in violation of 50 U.S.C. § 797(a)(1). Dkt. No. 88. On February 25, 2013, the defendant filed the instant motion. Pursuant to Fed. R. Crim. Pro. 33(b)(1), the defendant must file such a motion within 3 years of the verdict of guilty. Thus, the defendant's motion is timely.

A district court may grant a defendant's motion for a new trial based on newly discovered evidence if the interest of justice so requires. Fed. R. Crim. Pro. 33(a), (b)(1). A new trial based on newly discovered evidence should be granted only where the following elements are satisfied: "(1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence's nature was such that a new trial would probably produce a different result." United States v. Lee, 68 F.3d 1267, 1274 (11th Cir. 1995) (citing Weiss v. United States, 122 F.2d 675, 691 (5th Cir. 1941)). "The failure to satisfy any one of these elements is fatal to a motion for a new trial." Id. "[T]he defendant bears the burden of justifying a new trial." United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006) (quotation omitted).

The defendant also cites to Rule 12(h)(3) (subject matter jurisdiction) and 60(b)(3) (relief from judgement because of misrepresentation). These are Federal Rules of Civil Procedure and have no effect in these criminal proceedings. United States v. Martinez, 210 F. App'x 861, 863 (11th Cir. 2006) ("Simply put, because Rule 12(h)(3) is a rule of civil procedure, it did not afford a means of relief for Martinez to invalidate his criminal conviction."); United States v. Whisby, 323 F. App'x 781, 782 (11th Cir. 2009) ("Rule 60(b) does not provide for relief from a judgment in a criminal case.").

## II. LEGAL ARGUMENT

The defendant raises a number of issues in his brief, none of which fit the rubric of newly discovered evidence. Further, he attempts to relitigate the Court's decisions on various motions determined during the proceedings in this case.

First and foremost, the defendant claims that he was harmed by two individuals' wear of their military uniforms during his trial proceedings. Specifically, the defendant now complains that Special Assistant United States Attorney (SAUSA) Timothy Goines, also a Captain and Assistant Staff Judge Advocate General with the U.S. Air Force, who served as co-counsel during the trial in this matter wore his military uniform during trial. He also claims harm from a witness, Lieutenant Colonel (Lt. Col.) Joel Droba, the commanding officer of the defendant's battalion in the U.S. Army Reserves at the times relevant to this case, wearing his Army uniform while testifying.

In the first instance, this is not newly discovered evidence. The defendant knew during his trial that these individuals were present and that they wore their military uniforms during the trial. The defendant did not object at the time to these individuals wearing their uniforms. This is not newly discovered evidence but rather an attempt to raise a legal argument that was not raised at trial.

In any event, the defendant's argument that these individuals' wear of their uniform was improper is faulty. Both Captain Goines and Lt. Col. Droba were on active duty orders during the trial, Captain Goines in his role as a SAUSA, and Lt.

Col. Droba for his testimony as the commander of the defendant's battalion. See Dkt. No. 159, at 21, lines 16-21. Thus, there was nothing improper about these individuals wearing their uniforms during their roles in the trial of the defendant.

The defendant also contends that the fact that Captain Goines and Lt. Col. Droba wore their uniforms indicates that he was being tried by the military and was therefore entitled to appointed military counsel. The defendant was represented by defense counsel that he selected; this is all that is required by the Constitution in federal criminal proceedings. Further, there was extensive testimony at trial regarding the defendant's status as a civilian at the time the charged events took place, as well as the fact that the defendant was not subject to the Uniform Code of Military Justice because he was not active-duty military during the charged time periods. See, e.g., Dkt. No. 158, at 256-289 (testimony of Lieutenant Mark Borden, Army Reserve Program Officer); Dkt. No. 159, at 27, lines 4-22 (testimony of Lt. Col. Joel Droba).

The defendant also argues that the proceedings regarding his removal from the U.S. Army Reserve have revealed newly discovered evidence. For example, the defendant argues that "the military hearing of November 30, 2012 established that the 'housing' and 'transfer of firearms' issues occurred on a military base and pursuant to military protocols the matter [sic] could and should have been resolved via military agency or tribunal decision, not the civil U.S. District Court system." Dkt. No. 171 at 17. The documents provided by the defendant, however, show that the

hearing conducted by the U.S. Army Reserve was not about the defendant's criminal conviction, but rather the effect that conviction should have on his status as a reservist. See Dkt. No. 171 at page 30 ("Summary of Proceedings in the Involuntary Separation of 2LT Scott A. Bennett"). Thus, nothing from those proceedings are newly discovered evidence in the defendant's criminal case but instead the findings of a military board whose purpose was to decide if the defendant should be removed from the U.S. Army Reserves.

The defendant also argues that his commanding officer was Lt. Col. Joyce Bush, and for support relies on exhibit E to his motion. Dkt. No. 171 at 53. Once again, however, this is not new evidence – the defendant was certainly aware of who his commanding officer was. See United States v. Moore, 221 F.3d 1056, 1058 (8th Cir. 2000) (rejecting defendant's motion for a new trial when the "newly discovered evidence" was evidence known to the defendant). Further, the document the defendant points to indicates only that Lt. Col. Bush witnessed the defendant's oath of office, not that she was his commanding officer. In any event, Lt. Col. Droba testified that he was the battalion commander over the defendant, and the defendant presents no reliable information to the contrary. Dkt. No. 159, at 20, lines 9-13, and 24, lines 3-7.

The defendant also raises two issues that have already been litigated during the course of proceedings in this case: (1) that the federal government did not have subject matter jurisdiction over his criminal offenses, see Dkt. No. 171 at 10-13, 17-

5

23; and (2) that the U.S. Air Force violated posse comitatus by allowing him to be investigated by civilian authorities for a DUI at the Dale Mabry gate of MacDill Air Force Base, see Dkt. No. 171 at 13-17. These claims are not newly discovered and have already been litigated before and decided by this Court. See Dkt. Nos. 35 (Report and Recommendation); 42 (Order Accepting Report and Recommendation); see also Dkt. Nos. 25 (Govt's Opposition to Defendant's Motion to Suppress); 68 (Government's Trial Brief); 77 (Government's Trial Brief).

Finally, regardless of any of the above, none of the issues raised by the defendant in this case are likely to make any difference in the outcome of the case, nor is giving the defendant a new trial in the interests of justice. See, e.g., United States v. Hanoum, 33 F.3d 1128, 1130-31 (9th Cir. 1994) ("[A] Rule 33 motion based upon 'newly discovered evidence' is limited to where the newly discovered evidence relates to the elements of the crime charged."). Here, the defendant has not presented any new evidence relevant to any of the elements of the crimes he was charged with. Thus, his motion should be denied for failing to allege new evidence that could have changed the outcome of the trial. United States v. Lee, 68 F.3d 1267, 1274 (11th Cir. 1995).

6

## III.  CONCLUSION

For all of the above reasons, the government requests that the defendant's motion for a new trial based on newly discovered evidence be denied.

>Respectfully submitted,
>
>ROBERT E. O'NEILL
>United States Attorney
>
>
>By: *s/Sara C. Sweeney*
>SARA C. SWEENEY
>Assistant United States Attorney
>United States Attorney No. 0000119
>400 North Tampa Street, Suite 3200
>Tampa, Florida  33602
>Telephone:  (813) 274-6000
>Facsimile:  (813) 274-6103
>E-mail:  sara.sweeney@usdoj.gov

**U.S. v. BENNETT**  Case No. 8:11-CR-14-T-33AEP

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Notice will also be sent via First Class U.S. Mail to the following non-CM/ECF individuals:

> Scott Allan Bennett
> Inmate No. 29418-016
> FCI Schuylkill
> Federal Correctional Institution
> P.O. Box 759
> Minersville, PA 17954

By: *s/Sara C. Sweeney*
SARA C. SWEENEY
Assistant United States Attorney
United States Attorney No. 0000119
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6178
E-mail: sara.sweeney@usdoj.gov