UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

        v.                          CASE NO. 8:11-CR-14-T-33AEP

SCOTT ALLAN BENNETT

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR TERMINATION OF DETENTION OR BAIL PENDING APPEAL**

The United States of America, by and through its undersigned counsel, respectfully submits its response to the defendant's motion for termination of detention or bail pending appeal, dkt. no. 183, and the Court's order directing the government to respond, dkt. no. 184.

The defendant was convicted on July 21, 2011, of one count of making a false statement, in violation of 18 U.S.C. § 1001; one count of unauthorized wear of a military uniform, in violation of 18 U.S.C. § 702; and two counts of violation of defense property security regulation, in violation of 50 U.S.C. § 797(a)(1). Dkt. No. 88. On December 1, 2011, he was sentenced to 36 months imprisonment, and his sentence was upheld on appeal. Dkt. Nos. 132 and 170.

On February 25, 2013, the defendant filed a motion to vacate his conviction based on newly discovered evidence. Dkt. No. 171. The United States responded in opposition on March 13, 2013. Dkt. No. 172. The defendant then supplemented his motion, and the United States again responded in opposition, to which the defendant further replied. Dkt. Nos. 174, 178, and 179. This Court denied the

defendant's motion to vacate on July 10, 2013.  Dkt. No. 181.  The defendant then filed a notice of appeal from this denial.  Dkt. No. 182.  This appeal is currently pending before the Eleventh Circuit Court of Appeals.

On September 19, 2013, the defendant filed the instant motion, which seeks termination of his detention or bail pending appeal of the denial of his motion to vacate.  The defendant's motion raises three grounds for relief, none of which he is entitled to.  First, he requests "an expedited termination of detention."  Dkt. No. 183 at 5, ¶ 28.  Pursuant to 18 U.S.C. § 3582(c), "[t]he court may not modify a term of imprisonment once it has been imposed," except in limited circumstances, none of which are present here.[1]  Thus, the defendant is not entitled to termination of his detention.

Second, the defendant requests release on bail pending appeal.  The Court has the jurisdiction to consider this request despite the defendant's appeal of the Court's denial of his motion to vacate his conviction, dkt. nos. 171 and 182.  See Fed. R. Crim. Pro. 9(b) and cmte. notes to subsection (b) ("Notwithstanding the fact that jurisdiction has passed to the court of appeals, both 18 U.S.C. § 3148 and [Fed. R. Crim. Pro.] 38(c) contemplate that the initial determination of whether a convicted defendant is to be released pending appeal is to be made by the district court.").  In determining whether to grant such a request, the Court is to consider the factors set

---

[1] Those circumstances are (1) upon a motion of the Director of the Bureau of Prisons; (2) as permitted by statute and as set forth in Fed. R. Crim. Pro. 35 (pertaining to correcting a clerical error or granting a government motion for variance due to substantial assistance); or (3) where the U.S. Sentencing Commission lowers the sentencing range for the defendant's crime after his sentencing.

forth in 18 U.S.C. § 3142 et. seq.  Fed. R. Crim. Pro 9(c).

Title 18, United States Code, Section 3143(b) governs release or detention pending appeal by the defendant.  The defendant is to be detained pending appeal unless the defendant shows by clear and convincing evidence that he is unlikely to flee or pose a danger to the community and that the appeal raises a substantial question of law or fact, among other things.

Here, the defendant has not met his burden to show that he is not a danger to the community, nor that his appeal of his motion to vacate raises any substantial question of law or fact.  As to his danger to the community, the government relies on the sentencing memorandum it filed in this case to set forth the information showing the defendant's on-going danger to the community, particularly the nature of the defendant's offenses and his pattern of engaging in similar behavior on multiple prior occasions.  Dkt. No. 125 at 6-9.

As to the defendant's appeal, it raises no substantial questions of law or fact.  As noted in this Court's order, several of the grounds the defendant raises rely on the Federal Rules of Civil Procedure, which afford no relief in a criminal case.  Dkt. No. 181 at 7-8.  The defendant further relies upon purported "newly discovered evidence" to obtain a new trial under Fed. R. Crim. Pro. 33, which evidence was neither new nor relevant, as this Court has previously determined.  Id. at 9.  Finally, Bennett's appeal will contend that this Court lacked subject matter jurisdiction regarding his criminal charges, but this argument has been raised throughout the

course of this case, and thus, cannot support a motion to vacate pursuant to Fed. R. Crim. Pro. 33. Id. at 12. Thus, there are no substantial questions of law or fact to be addressed in the defendant's appeal.

Third and finally, the defendant raises an objection to the Bureau of Prison's refusal to allow him early release or transfer to a facility in California based on his mother's health, dkt. no. 183 at 16-18, and/or an opportunity to provide information to various public and government officials, id. at ¶ 65. As an initial matter, this Court has no jurisdiction over any such objections, as jurisdiction regarding these matters properly lies with the district in which the defendant is detained. United States v. Nickson, 2013 WL 2460724, *1 & 2 (11th Cir. June 7, 2013) (holding that "[i]f a federal prisoner wants to challenge the execution of his sentence, rather than its validity, he may do so through a 28 U.S.C. § 2241 petition," which must be filed in or transferred to the district where the defendant is being held). Further, even if this appeal was pending in the proper district, the defendant has provided no evidence that he has exhausted his administrative remedies within the Bureau of Prisons, meaning that recourse to the federal courts is not available to him. Id.; Nichols v. Warden, 458 F. App'x 844, 845 (11th Cir. 2012).

Even if such an action were properly filed and if the defendant had exhausted his administrative remedies, the government does not believe he has made a sufficient showing for release. As to his mother's health, the defendant argues that she is "rapidly deteriorating in her health and requires a full-time caregiver to live."

Dkt. No. 183 at ¶53. However, the letter provided by Mrs. Bennett's doctor indicates that she is "slowly worsening" and that a caregiver would "optimize" her health. Dkt. Id. at Ex. 1 at 1. Thus, there is not enough information available regarding her medical condition, but, at best, the situation does not appear to be as dire as presented by the defendant. Even if it were, such a decision must be made in the first instance by the Bureau of Prisons based on evidence presented by the defendant, who must then exhaust his administrative remedies if he does not agree with the decision of the Bureau of Prisons.

As to the defendant's contention that he should be released to provide information to public or government officials, the defendant's motion indicates that he has already provided whatever information he believes he has to a number of public officials. Id. at 10-11, Ex. 1 at 34-90, and Ex. 2 at 15-36. The government has received no requests for any additional information from or debriefing of the defendant related to the defendant's purported information. Moreover, the defendant's motion does not address why a release or any change of his incarceration is necessary to provide this alleged information to public officials, who could certainly visit the defendant at his place of incarceration if they felt it necessary to do so.

5

For all of the above reasons, the government requests that this Court deny the defendant's motion in its entirety.

                              Respectfully submitted,

                              A. LEE BENTLEY, III
                              Acting United States Attorney

By:    *s/Sara C. Sweeney*
        SARA C. SWEENEY
        Assistant United States Attorney
        United States Attorney No. 0000119
        400 North Tampa Street, Suite 3200
        Tampa, Florida 33602
        Telephone: (813) 274-6000
        Facsimile: (813) 274-6178
        E-mail: sara.sweeney@usdoj.gov

U.S. v. BENNETT                                              Case No. 8:11-CR-14-T-33AEP

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Notice will also be sent via First Class U.S. Mail to the following non-CM/ECF individuals:

    Scott Allan Bennett
    Inmate No. 29418-016
    FCI Schuylkill, Camp 2
    Federal Correctional Institution
    P.O. Box 670
    Minersville, PA 17954-0670

                            By:    *s/Sara C. Sweeney*
                                   SARA C. SWEENEY
                                   Assistant United States Attorney
                                   United States Attorney No. 0000119
                                   400 North Tampa Street, Suite 3200
                                   Tampa, Florida  33602
                                   Telephone:  (813) 274-6000
                                   Facsimile:  (813) 274-6178
                                   E-mail:  sara.sweeney@usdoj.gov

7

\\USAFLMSFILE21\Users\_Criminal Cases\B\Bennett, Scott Alan_2010R02317_scs\p_Response to def's motion for bail pending appeal.wpd