UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 8:11-CR-14-T-33AEP

SCOTT ALLAN BENNETT


**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR TERMINATION OF DETENTION OR BAIL PENDING APPEAL**

The United States of America, by and through its undersigned counsel,

respectfully submits its response to the defendant's supplement to his motion for

termination of detention or bail pending appeal, dkt. no. 186, and the Court's

order directing the government to respond, dkt. no. 188, as well as the

defendant's reply to the government's earlier response in this matter, dkt. no.

189.

The defendant now argues that the application of the holding of the recent

case of *Alleyne v. United States*, 133 S.Ct. 2151 (June 17, 2013), to the facts of

his case will result in the reversal of his "entire conviction."  Dkt. No. 186 at 8.  In

the first instance, the defendant has not properly asserted any argument under

*Alleyne*, as the pleadings he has filed do not properly challenge his sentence or

conviction as required by 28 U.S.C. § 2255.  Even if his argument under *Alleyne*

were to be construed by this Court as a motion pursuant to § 2255, every Court

to have considered the issue has determined that *Alleyne* is not retroactively

applicable to cases on collateral review.  *See, e.g., In re Payne*, --- F.3d ---, 2013

WL 52004225, *1-2 (10th Cir. September 17, 2013) (holding that *Alleyne* does not

apply retroactively to cases on collateral review); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. July 10, 2013) (same).[1]

Even if the defendant's argument pursuant to *Alleyne* were to be considered, *Alleyne* is completely inapplicable to the facts of this case. *Alleyne* held that any facts that increase *a mandatory minimum sentence* must be submitted to the jury, rather than found by the Court. 133 S.Ct. at 2163-64. *Alleyne* specifically noted, however, that its holding is inapplicable to "factfinding used to guide judicial discretion in selecting a punishment within the limits fixed by law." *Id.* at 2161 n.2 (quotations omitted). Thus, *Alleyne* is not applicable to a case, such as this one, where a defendant is sentenced below the statutory maximum for the offense and there is no mandatory minimum; in such a case, the exact sentence given by the Court, so long as that sentence is within the statutory maximum, is a matter of the Court's discretion pursuant to 18 U.S.C. § 3553.

In this case, the defendant was charged with and convicted of four offenses: making a false statement, in violation of 18 U.S.C. § 1001; unauthorized wear of a military uniform, in violation of 18 U.S.C. § 702; and two counts of violation of defense property security regulation, in violation of 50 U.S.C. § 797(a)(1). Dkt. No. 88. None of these crimes carries a mandatory minimum sentence. The maximum term of imprisonment allowed by statute for each offense is as follows: 18 U.S.C. § 1001, five years; 18 U.S.C. § 702, six months; and 50 U.S.C. § 797(a)(1), one year. As to each offense, the defendant was sentenced to 24 months for the violation of 18 U.S.C. § 1001, six months for

---

[1] The Eleventh Circuit has not yet considered this issue to the undersigned's knowledge.

the violation of 18 U.S.C. § 702, and six months concurrent for both violations of 50 U.S.C. § 797(a)(1), all to run consecutively to each other, for a total of 36 months imprisonment.

Each of these sentences is within the authorized statutory maximum for the crimes for which the defendant was convicted by a jury. Thus, there is no constitutional problem with his sentence, and *Alleyne* is inapplicable.

The defendant's argument is that an increase under the Sentencing Guidelines that was assessed against him for the possession of firearms in connection with his offense violates *Alleyne*. Dkt. No. 186 at 3; *see also* PSR at ¶ 33. This argument is simply incorrect; *Alleyne* addresses only the maximum and minimum statutorily-allowed punishments. "Within the limits of any discretion as to the punishment which the law may have allowed, the judge, when he pronounces sentence, may suffer his discretion to be influenced by matter shown in aggravation or mitigation, not covered by the allegations of the indictment." *Alleyne*, 133 S.Ct. at 2163 (quotation omitted).

The Supreme Court's holding in *Alleyne* has been interpreted by every Court to have considered the issue as inapplicable to a Court's determination of the Guidelines range based on judicial factfinding, so long as the resulting sentence is within the range permitted by statute. *See, e.g., Payne*, 2013 WL 5200425, * 2 n.1 ("By choosing to exercise its discretion to impose the statutory maximum, the court did not violate the Sixth Amendment."); *United States v. Hernandez*, --- F.3d ---, 2013 WL 4804323, * (7th Cir. Sept. 10, 2013) ("Even though the district court found Hernandez responsible for 150 kilograms or more

of cocaine for Sentencing Guidelines calculation purposes, that finding did not affect the statutory mandatory minimum he faced . . . As Guidelines ranges are only advisory, the Fifth and Sixth Amendment requirements do not apply."); *United States v. Jones*, --- F. App'x ---, 2013 WL 4045973, * (6th Cir Aug. 12, 2013) ("In Jones's case, the statutory range is ten years to life imprisonment . . . His 210 month sentence fits comfortably within the statutory range. Jones's [*Alleyne*] argument has no merit."); *Munguia v. United States*, 2013 WL 5306192, *18 (E.D. Tenn. Sept. 20, 2013) ("For purposes of applying *Alleyne*, it is immaterial whether judicial factfinding during sentencing increased Munguia's advisory guideline range. Because Munguia was properly sentenced within the prescribed statutory ranged . . . there is no *Alleyne* problem in his case."); *United States v. Hunter*, 2013 WL 4777200, *2 (S.D. Ohio Sept. 5, 2013) ("The Supreme Court has never held that facts relied on by a court to sentence within a prescribed statutory range must be included in the indictment and submitted to the jury."); *United States v. Stewart*, 2013 WL 4553349, *1 (S.D. Miss. Aug. 28, 2013) ("The final sentence was within the range prescribed by statute, and the Supreme Court specifically held that a trial judge has discretion to consider matters in aggravation or mitigation when setting a punishment within the statutory boundary."); *Willis v. United States*, 2013 WL 4495837, *2 (M.D. Ga. Aug. 20, 2013) ("The Petitioner does not challenge his sentence based on facts that increased a minimum mandatory sentence. Rather, the Petitioner entered a guilty plea and received an upward departure and variance based on 18 U.S.C. § 3553 factors.").

4

As this Court sentenced the defendant within the statutory range, there is no *Alleyne* error.

As to the remainder of the allegations and arguments set forth in the defendant's pleadings, the government relies on its response in opposition to the defendant's original motion, dkt. no. 185, and respectfully requests that this Court deny all requested relief.

Respectfully submitted,

A.  LEE BENTLEY, III
Acting United States Attorney

By:   /s/Sara C. Sweeney
     SARA C. SWEENEY
     Assistant United States Attorney
     USA No.  0000119
     400 North Tampa Street, Suite 3200
     Tampa, Florida  33602
     Telephone:  (813) 274-6000
     Facsimile:  (813) 274-6103
     E-mail:  sara.sweeney@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2013, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice

of electronic filing to the following:

Notice will also be sent via First Class U.S. Mail to the following non-CM/ECF

individual:

Scott Allan Bennett
Inmate No. 29418-016
FCI Schuylkill, Camp 2
Federal Correctional Institution
P.O. Box 670
Minersville, PA 17954-0670

/s/Sara C. Sweeney
SARA C. SWEENEY
Assistant United States Attorney
USA No. 0000119
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6178
E-mail: sara.sweeney@usdoj.gov