UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                          Case No.: 8:11-cr-14-T-33AEP

SCOTT ALLAN BENNETT
_____/

**ORDER**

This matter comes before the Court pursuant to Scott Allan Bennett's Motion for Miscellaneous Relief (Doc. # 183), filed September 19, 2013.[1] The Government filed a response (Doc. # 185) on September 30, 2013. For the reasons that follow, the Court denies the Motion.

**I.  Background**

On January 13, 2011, a grand jury returned an indictment charging Scott Allan Bennett with three counts: (1) knowingly and willfully making a false, fictitious, and

---

[1] The Motion's full title is: "Defendant's Motion for Termination of Detention of in the Alternative, Bail Pending Appeal, to Allow Him to: Provide Intelligence Information Essential to United States National Security Concerning Terrorist-Financing and Its Current Connection to National Security Agency Whistleblower Edward Snowden, Booz-Allen Hamilton, and Union Bank of Switzerland- Brad Birkenfeld Report to U.S. Justice Department, Central Intelligence Agency, U.S. Senate, U.S. Central Command and U.S. Civil Affairs-Psychological Operations Command."

fraudulent statement to the Department of the Air Force; (2) wearing a uniform of the armed forces of the United States without authorization; and (3) knowingly and willfully possessing various weapons on MacDill Air Force Base without authorization in violation of security regulations. (Doc. # 8).

Bennett stood trial from July 18, 2011, to July 21, 2011. (Docs. ## 78, 81, 83, 87). On July 21, 2011, a jury found Bennett guilty on all counts. (Doc. # 88). This Court sentenced him on December 1, 2011, to 36 months imprisonment. (Doc. # 131).

On February 25, 2013, Bennett filed a Motion to Vacate Conviction Based on Newly Discovered Evidence. (Doc. # 171). Therein, Bennett asserted that the Court should vacate its judgment and order a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. He also asserted that the Court lacked subject matter jurisdiction over the case and requested additional relief under the Federal Rules of Civil Procedure. On July 10, 2013, the Court denied the Motion on all grounds Bennett asserted. (Doc. # 181). On July 22, 2013, Bennett filed a Notice of Appeal of the Court's Order denying the Motion to Vacate (Doc. # 182), which remains pending.

On September 19, 2013, Bennett filed the instant Motion for Miscellaneous Relief in which he requests: 1) termination of detention, 2) bail pending appeal, 3) early release, and 4) transfer to a facility in California. (Doc. # 183). The Government timely filed its response on September 30, 2013. (Doc. # 185).

## II. Analysis

### A. Termination of Detention

Bennett informs the Court that he has attempted to provide the government with substantial assistance by sending letters containing his own "intelligence analysis" to various military and congressional leaders. (Docs. ## 183 at 8-10; 183-1 at 65). Thus, he requests "an expedited termination of detention." (Doc. # 183 at 5).

The Court does not have authority to modify a prisoner's sentence except in limited circumstances: (1) upon a motion of the Director of the Bureau of Prisons; (2) as permitted by statute and as set forth in Fed. R. Crim. Pro. 35; or (3) where the United States Sentencing Commission lowers the sentencing range for the defendant's crime after his sentencing. 18 U.S.C. § 3582(c); see also United States v. Diaz-Clark, 292 F.3d 1310, 1316 (11th Cir.

2002) (discussing relevant statutes and rules that provide for modification of a sentence).

Federal Rule of Criminal Procedure 35(b) states that a reduced sentence may be granted either to correct clear error or "[u]pon the government's motion" for substantial assistance on the part of the defendant. "The bare allegation of substantial assistance is insufficient to compel the Government to make such a motion." United States v. Sewell, 218 F. App'x 900, 902 (11th Cir. 2007). Absent a showing by the defendant that "the prosecutor's refusal to move [for a sentence reduction] was not rationally related to any legitimate Government end," the defendant is not entitled to relief. Wade v. United States, 504 U.S. 181, 186 (1992).[2] "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. . . . although a showing of assistance is a necessary condition for relief, it is not a sufficient one." Id. at 186-87.

---

[2] In Wade, the Court explained: "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion." 504 U.S. at 186.

The Government here has not moved to have Bennett's sentence reduced. On the contrary, the Government opposes Bennett's instant motion. In addition, Bennett has not identified any improper motivation, such as racial or religious discrimination, leading to the Government's refusal to seek a sentence reduction on his behalf. Thus, Bennett's attempts to provide substantial assistance do not provide grounds for a reduction in sentence. As he has also failed to allege that any of the other conditions for sentence reduction specified in 18 U.S.C. § 3582(c) are present here, the Court finds that he is not entitled to early termination of his detention.

### B. Bail Pending Appeal

Whether a defendant may be released pending appeal is governed by 18 U.S.C. § 3143. Section 3143 presumes a defendant's conviction is valid, and a defendant bears the burden of establishing his entitlement to release pending appeal. United States v. Giancola, 754 F.2d 898, 900-01 (11th Cir. 1985). To be released pending appeal, a defendant must establish the following by clear and convincing evidence:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

> (2) that the appeal is not for the purpose of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if the substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

Id. at 901 (citing 18 U.S.C. § 3143(b)(1)).

The Government challenges Bennett's request for bail pending appeal on the grounds that Bennett has failed to show by clear and convincing evidence that he is not a danger to the community and that his appeal raises any substantial question of law or fact. (Doc. # 185 at 3). The Court will address both points.

### 1. Danger to Community

Bennett asserts that he presents no danger to the community or to any other person. He advises that, while incarcerated, he "has been a model inmate having accumulated no points, no disciplinary actions, nor negative comments about his conduct[.]" (Doc. # 183 at 5). He has spent his time in prison working as an administrative assistant to the facility's Education Director and as a tutor. (Id.) Furthermore, he asserts as

evidence of good behavior that he "has even continued to serve his country as an Officer of the U.S. Army by performing intelligence and counterterrorism analysis while incarcerated." (Id. at 2).

The Court has given due consideration to Bennett's arguments; however, this Court determines that he has not established by clear and convincing evidence that he does not pose a danger to another or to the community if released. The Government argues that Bennett not only fraudulently obtained military housing where he "proceeded to stockpile unregistered firearms," (Doc. # 125 at 6), but in fact continued to pose as an officer in the U.S. Army to gain special privileges even after he had been charged in this case. (Id. at 8). These actions, the Government claims, "paint a disturbing picture of. . . someone who will lie to and manipulate governmental authorities to get what he wants." (Id. at 8-9).

Bennett's references to his good behavior while incarcerated do not overcome these concerns. In fact, his continued assertions that he remains an "Officer of the U.S. Army" without any corroborating evidence — indeed, despite the Government's arguments to the contrary — only exacerbate such concerns. He has thus failed to establish

by clear and convincing evidence that the specifically identified dangers have subsided.

Because Bennett must establish each of the requirements of § 3143 by clear and convincing evidence, this Court's determination that he has not carried his burden regarding potential danger to the community necessitates the denial of his request. Nevertheless, in an abundance of caution, the Court will also address whether he has met his burden with respect to the remaining requirements of § 3143.

### 2. **Bennett's Appeal**

As noted, Bennett has appealed the Court's July 10, 2013, Order denying Bennett's unavailing Motion to Vacate Conviction Due to Newly Discovered Evidence. (Docs. ## 181, 182).

To be granted release pending appeal, Bennett must demonstrate that his appeal was not filed for the purpose of delay and that his appeal raises a substantial question of law or fact. See 18 U.S.C. § 3143(b)(1)(B). Furthermore, Bennett must demonstrate that such substantial question of law or fact is likely to result in reversal, an order for a new trial, a sentence that does not impose a term of imprisonment, or a reduced sentence to a term of

imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1)(B).

In the seminal case of Giancola, the Eleventh Circuit held that the substantial question of fact or law requirement does not "mean that a court may grant bail only if it finds that its own rulings are likely to be reversed on appeal." 754 F.2d at 900. Rather, "a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." Id. at 901.

Bennett's present appeal asks no close questions. Among other things, Bennett challenges his conviction under Federal Rules of Civil Procedure 12(h)(3) and 60(b)(3), (Doc. # 171 at 7-9), although the Eleventh Circuit has consistently held that "it is well-established that the Federal Rules of Civil Procedure do not provide relief from judgment in a criminal case." See, e.g., United States v. Potts, 329 F. App'x 853, 854 (11th Cir. 2008). In addition, Bennett moves to have the judgment against him vacated on the basis of newly discovered evidence, (Id. at 7-8), presents 184 pages of previously entered evidence, (Doc. ##

171, 174, 179), and supplies ten pages of immaterial evidence. (Doc. # 179-2). Furthermore, he raises an untimely, procedurally improper challenge to the Court's subject-matter jurisdiction more than 18 months after trial. (Doc. # 171 at 11-13). Not one of his grounds for appeal raises a substantial question of law or fact. Accordingly, Bennett's request for bail pending appeal is denied.

### C. Early Release or Transfer to California Facility

Bennett requests: "1) a transfer to a California prison . . .; or 2) a transfer to a Residential Re-Entry Center ('Half-way House') in California; or 3) a release into 'Home Confinement.'" (Doc. # 183 at 17). He cites the poor health of his mother as the motivation behind this request. (Id. at 16-18). The Court construes this request as a habeas corpus petition under § 2241, as it pertains to the execution of his sentence rather the validity of the sentence itself. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008).

"[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241," as habeas corpus petitions. Id. at 1352. Such challenges may include motions for early release as well as those pertaining to an inmate's placement in a

-10-

particular federal prison. See Preiser v. Rodriguez, 411 U.S. 475, 446 (1973) (finding that habeas corpus is the proper remedy for a "prisoner's challenge to the fact or duration of his confinement"); McGee v. McGrew, No. 11-cv-20828-LENARD, 2011 WL 4499037 at *1 (S.D. Fla. Sept. 9, 2011) (liberally construing defendant's challenge to his involuntary transfer to a new facility as a § 2241 petition).

"A § 2241 petition must be brought in the district in which the inmate is incarcerated." United States v. Nickson, 521 F. App'x 867, 869 (11th Cir. 2013). "[P]risoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements." Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004).

Bennett's request for early release or transfer to a California facility does not meet the jurisdictional requirements of such a petition, however, as it was not filed in the district of his incarceration, See Nickson, 521 F. App'x at 869, nor is it accompanied by evidence that he has exhausted his administrative remedies within the Bureau of Prisons. See Nichols v. Warden, FCC Coleman-Low, 458 F. App'x 844, 845 (11th Cir. 2012). As such, the Court denies his request for transfer or early release.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Scott Allan Bennett's Motion for Miscellaneous Relief (Doc. # 183) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of November.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel and Parties of Record