```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                  CASE NO.: 8:11-cr-14-T-33AEP

SCOTT ALLAN BENNETT
_____/

### ORDER

This matter comes before the Court pursuant to Scott Allan Bennett's Motion to Reverse Conviction Based on Lack of Subject Matter Jurisdiction Based on Newly Discovered Evidence (Doc. # 197), filed on January 22, 2014. The Government filed a Response in Opposition to the Motion (Doc. # 200) on January 29, 2014. For the reasons that follow, the Court denies the Motion.

### Discussion

On July 21, 2011, a jury found Bennett guilty of making a false statement on a military housing application, unauthorized wear of a military uniform, and violation of a defense property security regulation. (Doc. # 88). On August 13, 2013, a New York court issued an Order in an unrelated military shooting case, discussed herein. Bennett seeks a reversal of his conviction based on that decision.

Rule 33 of the Federal Rules of Criminal Procedure states: "upon a defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The Eleventh Circuit has consistently stated, "Motions for a new trial based on newly discovered evidence are highly disfavored . . . and should be granted only with great caution." United States v. Thompson, 335 F. App'x 876, 879 (11th Cir. 2009) (quoting United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc)). The defendant moving under Rule 33 bears the "heavy burden" to show:

> 1) the evidence was discovered after trial, 2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, 3) the evidence is not merely cumulative or impeaching, 4) the evidence is material to issues before the court, and 5) the evidence is such that a new trial would probably produce a different result.

Thompson, 335 F. App'x at 879 (citation omitted). "The failure to satisfy any one of these elements is fatal" to a Rule 33 motion. United States v. Lee, 68 F.3d 1267, 1274 (11th Cir. 1995) (citation omitted).

Bennett argues that a recent decision, <u>United States v. Santiago</u>, No. 13-cr-39, 2013 U.S. Dist. LEXIS 116484 (S.D. N.Y. Aug. 13, 2013), constitutes Rule 33, Fed. R. Crim. P., "new evidence" warranting a reversal of his conviction. The Court disagrees. First and foremost, a decision by another court in an unrelated case is not evidence in this case and cannot constitute "new evidence" under Rule 33. <u>See</u> <u>Randolph v. United States</u>, No. 8:08-cr-2210-T-30TBM, 2008 U.S. Dist. LEXIS 101558, at *3 (M.D. Fla. Dec. 5, 2008)(Rule 33 "allows one to request a new trial . . . if new evidence is discovered within three years. . . . [N]ewly discovered case law is not newly discovered evidence."). The court's opinion in <u>Santiago</u> could not be entered into evidence even if the court were to grant Bennett a new trial, which it is not inclined to do. Plainly, the <u>Santiago</u> opinion is not "new evidence" under Rule 33.

Furthermore, as argued by the Government, <u>Santiago</u> "is not even remotely applicable to this case." (Doc. # 200 at 3). In <u>Santiago</u>, the court considered criminal charges brought against a former member of the United States Marine

3

Corps for actions he took five years earlier while serving in Iraq on active duty. Specifically, Santiago was charged with shooting a U.S. Navy Corpsman in the eye, causing serious bodily injury. After the Marine Corps failed to seek a court martial against Santiago while he was still subject to the Uniform Code of Military Justice, the federal government filed charges against him in federal court pursuant to the Military Extraterritorial Jurisdiction Act, 18 U.S.C. § 3261. The court commented:

> The court finds this case troubling, and the Government's response to my inquires has done little to mitigate my unease. Defendant was plainly amenable to court-martial for this shooting (which no one suggests was anything other than accidental). He was a serviceman stationed in a war zone, who admitted discharging a weapon that seriously injured another serviceman. At first he denied to investigating officers that he discharged the weapon. These are offenses under the Uniform Code of Military Justice (UCMJ). Defendant's commanding officer had the absolute right to choose to prosecute – or to impose discipline short of prosecution pursuant to Article 15 of the UCMJ – or to treat the matter in another fashion. Defendant was not court-martialed.

Id. at *2-3.

4

In the present case, it has been proven and determined that Bennett was not on active duty at the time of the offense. In addition, there was extensive testimony at trial regarding Bennett's status as a civilian at the time the charged events took place, as well as the fact that Bennett was not a member of the military during the charged time period. See e.g. Doc. # 158 at 256-289 (testimony of Lt. Mark Borden, Army Reserve Program Officer); Doc. # 159 at 27 (testimony of Lt. Col. Joel Droba). The holding in Santiago, thus, has no bearing here. Accordingly, the Court denies the Motion to the extent it is predicated upon the presentation of new evidence.[1]

Here, Bennett has not demonstrated the existence of new evidence relevant to any of the elements of the crimes for which he was charged and convicted. His Motion is denied

---

[1] The remaining arguments presented in the Motion are a regurgitation of Bennett's previously articulated contentions, and the Court refuses to revisit its detailed Orders addressing and denying relief to Bennett. See e.g. Doc. # 98 (denying motion for new trial); Doc. # 181 (denying motion to vacate based on newly discovered evidence); Doc. # 193 (denying miscellaneous relief, including "termination of detention"). Too precious and scarce are the judiciary's resources to revisit those issues that have already been decided.

5

because nothing raised therein could have any impact on this case or change the outcome of the trial.

Accordingly it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Scott Allan Bennett's Motion to Reverse Conviction Based on Lack of Subject Matter Jurisdiction Based on Newly Discovered Evidence (Doc. # 197) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>4th</u> day of February, 2014.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record