UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    PLAINTIFF

V.                                                                CASE NO.: 8:11-CR-14-T-33AEP

SCOTT ALLAN BENNETT,

    DEFENDANT

## DEFENDANT'S MOTION FOR MODIFICATION OF PROBATION AND STAYING OF SENTENCE PENDING APPEAL PURSUANT TO TITLE VII, RULE 32 AND 38 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

COMES NOW, Scott Allan Bennett, defendant, pro se, and files his Motion For Modification of Probation and Staying of Sentence Pending Appeal, pursuant to Title VII, Rule 32 and Rule 38 (Staying a Sentence or a Disability) of the Federal Rules of Criminal Procedure, for the following reasons:

1. This Honorable Court has authority to modify Defendant's terms of probation and stay Defendant's sentence, based on Title VII, Rule 32 and Rule 38 (Staying a Sentence or a Disability) of the Federal Rules of Criminal Procedure.

2. Defendant's case is currently in appeal and awaiting a hearing at the 11th Circuit Court of Appeals.

3. Defendant's original charges, ongoing civilian and military legal appeal work, and current professional situation warrant modification of probation.

A. <u>LEGAL GROUNDS:</u>

4. The rules of Federal Criminal Procedure applying to Defendant's motion for modification of probation and stay pending appeal is Title VII, Rule 38 and Rule 32, and 34, which state: **If the defendant appeals, the court may stay a sentence of <u>probation</u>. The court must set the terms of any stay.** See below:

Title VII. Post-Conviction Procedures

**Rule 32.2**
(c) **Modification.**
(1) In General. Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation.
(2) Exceptions. **A hearing is not required if:**
(A) the person waives the hearing; or
**(B) the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and**
(C) an attorney for the government has received notice
of the relief sought, has had a reasonable opportunity to
object, and has not done so.
(d) Disposition of the Case. The court's disposition of the case is
governed by 18 U.S.C. § 3563 and § 3565 (probation) and § 3583 (supervised release).

Rule 32.2. Criminal Forfeiture
(d) Stay Pending Appeal. If a defendant appeals from a conviction or an order of forfeiture, **the court may stay the order of forfeiture on terms appropriate** to ensure that the property remains available pending appellate review. A stay does not delay the ancillary proceeding or the determination of a third party's rights or interests. If the court rules in favor of any third party while an appeal is pending, the court may amend the order of forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, unless the defendant consents in writing or on the record.

**Rule 34.** Arresting Judgment

2

(a) In General. Upon the defendant's motion or on its own, the court must arrest judgment if:
(1) the indictment or information does not charge an offense; or
(2) the court does not have jurisdiction of the charged offense.

**Rule 38.** Staying a Sentence or a Disability
(c) Fine. If the defendant appeals, the district court, or the court of appeals under Federal Rule of Appellate Procedure 8, **may stay a sentence to pay a fine or a fine and costs.** The court may stay the sentence on any terms considered appropriate
**(d) Probation. If the defendant appeals, the court may stay a sentence of probation. The court must set the terms of any stay.**

(f) Forfeiture. A stay of a forfeiture order is governed by Rule 32.2(d).

(g) Disability. If the defendant's conviction or sentence creates a civil or employment disability under federal law, the district court, or the court of appeals under Federal Rule of Appellate Procedure 8, **may stay the disability pending appeal on any terms considered appropriate.** The court may issue any order reasonably necessary to protect the interest represented by the disability pending appeal, including a restraining order or an injunction.

## B. MILITARY LEGAL APPEAL AND INVESTIGATION

5. Defendant's case contains jurisdictional, military, and civilian court issues which have developed a complex case of first impressions, and will establish multiple new precedents of law. Defendant's military and civilian appeal require substantial travel, document preparation, and legal research, and it is in the interests of justice and military servicemembers to remove Defendant's probation in order to allow him to fully develop his appeal.

6. Defendant's case is being examined by military legal authorities in California and Washington DC at present to determine military jurisdictional and legal issues. These military legal matters are being reviewed by:

3

>Peter M. Cullen
>Colonel, JA
>Chief, U.S. Army Trial Defense Service
>Email: peter.m.cullen.mil@mail.mil
>Tel: (703) 693-0280
>
>Captain Michael Carrozzo, JAG
>michael.carrozzo@gmail.com

7. A military hearing conducted at Fort Bragg, North Carolina in November 2012 concerning Defendant 2LT Scott Bennett's civilian charges (18 USC §1001, Making a False Statement; 18 USC §702; and 50 USC§797, violating a defense property security regulation) determined that no mental health, alcohol or D.U.I. charge ever occurred, therefore could not be considered as evidence or used in any way against him.

C. <u>DEFENDANT'S CURRENT SITUATION</u>

8. Defendant has demonstrated excellent performance and character throughout his term of imprisonment and probation. **See Exhibit 5.** He served as an GED educational tutor at Schuylkill Minimum Security facility for Spanish speakers, and has not had any violations of law since release. He has complied with all requests made upon him.

9. Defendant has fulfilled his full term of imprisonment, is now living at home, but is also unemployed and unable to collect unemployment. Defendant has started a military-veterans ministry for his Church. **See Exhibit 4.** Defendant is searching for employment, and is now under the supervision of:

>Constance M. Cook, LCSW
>U. S. Probation Officer
>Northern District of California


1301 Clay Street, Suite 220 South
Oakland, CA 94612
510.637.3591
415.581.7434 (e-fax)
Connie_Cook@canp.uscourts.gov

10. The Office of Probation has notified Defendant that he is required to participate in Alcohol/Mental Health Treatment Programs, and informed him that this requirement can be removed by filing a motion with the Court to "modify probation". See **Exhibit 1.** Defendant adamantly opposes any forced participation in alcohol or mental counseling, since it is outside the scope of his original charges, unrelated to his case, and burdens him both financially and with an artificial personality disability which does not exist, and violates the recent Supreme Court case holding in Alleyne v. U.S., which requires such issues to be submitted to a jury or be part of the original indictment. Defendant hereby incorporates relies upon all previous motions and exhibits submitted by him establishing his appeal grounds.

11. Defendant's original case does not involve any alcohol or drug abuse, or mental health issues, nor was defendant charged with any such matter in the indictment. Defendant does not drink any alcohol, does not take any kind of drugs, and has never had any kind of mental health treatment program in the past. Failing to modify probation creates a disability for defendant.

12. Defendant has already participated in Bureau of Prison Drug/Mental Health educational programs while placed in GEO Services, Residential Re-Entry Center (Halfway House). **Note: This Bureau of Prisons program is an official Department of Justice counseling requirement. The material contained in this class/counseling program successfully educates inmates about "U.S. Central**

**Intelligence Agency Conspiracies and Operations in Drug-Trafficking and Assassinations of U.S. Citizens over the past 60 years"**. **See Exhibit 2.**

13. Defendant was originally stopped for suspicion of Driving Under the Influence (D.U.I.). This charge was later dismissed altogether by the Florida Court, and therefore should not be used to mandate defendant's participation in any alcohol/mental health treatment program. **See Exhibit 3.**

WHEREFORE, it is respectfully requested that this Honorable Court modify Defendant's probation by either removing probation completely; or in the alternative staying Defendant's probation and fine pending the outcome of his appeal and military legal investigation so that he might be allowed to prepare his legal appeal work with military and civilian attorneys.

Respectfully submitted,

Scott Bennett, Defendant, pro se
Fed. No. 29418-016
23 Railroad Ave, #23
Danville, CA 94526

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Motion For Modification of Probation and Staying of Sentence Pending Appeal, pursuant to Title VII, Rule 32 and Rule 38 (Staying a Sentence or a Disability) of the Federal Rules of Criminal Procedure, was mailed U.S. postage pre-paid to the Clerk of the Court at 801 North Florida Avenue, Tampa, Florida, 33602, on this 4th day of July 2014.

Scott Bennett

cc: Judge Advocate General, U.S. Army Legal Service Agency, Trial Defense Service